UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EDMUND W. MARTIN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JOE GORAJEC, TERRY RICHWINE, ) | Case No. 1:12-cv-00460-TWP-TAB |
| SARAH MCNAUGHT, JOE DAVIS, ) | |
| RANDY KLOPP, and LIANE PUCCIA, ) | |
| ) | |
| Defendants. ) | |

### ENTRY

This matter is before the Court on Joe Davis's and Randy Klopp's joint Motion for Entry of Final Judgment or to Amend Entry (Dkt. 81). On January 28, 2013, the Court granted summary judgment for Mr. Davis and Mr. Klopp, dismissing all claims against them (Dkt. 79). Specifically, the Court dismissed Edmund Martin's defamation claim with prejudice and his 42 U.S.C. § 1985(3) claim without prejudice. Mr. Davis and Mr. Klopp now move the Court to enter final judgment under Federal Rule of Civil Procedure 54(b), and also to amend the Court's entry to dismiss the § 1985(3) claim with prejudice. For the following reasons, this Motion (Dkt. 81) is **GRANTED**.

The facts of this case are set forth in the Court's Entry granting Mr. Davis and Mr. Klopp summary judgment (Dkt. 79). Further recitation of the facts is unnecessary for the purposes of this Entry.

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) governs judgment on multiple claims or involving multiple parties. It states:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).  The purpose of Rule 54(b) in allowing the entry of judgment for or against a party in a multiparty case, "even though the party's claim overlaps the claims of other parties is to enable a party (and its adversaries) to determine at the earliest possible opportunity whether it is securely out of the litigation and therefore can stop worrying about and preparing for further proceedings in it." *Cont'l Cas. Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512, 517-18 (7th Cir. 1999).

## II. **DISCUSSION**

Mr. Davis and Mr. Klopp urge the Court to enter final judgment in their favor because the requirements of Rule 54(b) are established.  First, there are multiple parties in this action.  Second, the rights and liabilities of Mr. Davis and Mr. Klopp have been finally decided.  Third, Mr. Davis and Mr. Klopp argue there is no just reason for delaying an appeal.  As an initial matter regarding the second requirement, in the Court's Entry granting summary judgment for Mr. Davis and Mr. Klopp, the Court dismissed Mr. Martin's § 1985(3) claim "without prejudice."  Dkt. 79 at 23.  Mr. Davis and Mr. Klopp contend that the Court's treatment of the claim demonstrates the Court was finished with the claim.  *See Hill v. Potter*, 352 F.3d 1142, 1144 (7th Cir. 2003) (stating that the test for finality is not whether a suit is dismissed with or without prejudice, but whether the court has finished with a case).  Mr. Davis and Mr. Klopp are correct; the Court has finished with Mr. Martin's § 1985(3) claim against them.  For clarity, the

Court will amend its January 28, 2013 Entry to clarify that the § 1985(3) claim is dismissed with prejudice, thus ending dispute whether "the rights and liabilities" of Mr. Davis and Mr. Klopp have been finally decided.

The real question before the Court is whether there is just reason for delaying the entry of final judgment for Mr. Davis and Mr. Klopp. An obvious concern of entering final judgment as to some, but not all, parties is the factual overlap and overall similarity of the dismissed and remaining claims. Entering final judgment in this case could create confusion and a burden on the plaintiff to maintain separate actions moving forward. However, the Seventh Circuit has held that "[a]n order that disposes finally of a claim against one party to the suit can be certified for an immediate appeal under the rule even if identical claims remain pending between the remaining parties." *Nat'l Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil*, 784 F.2d 817, 821 (7th Cir. 1986); *see Walker v. Maccabees Mut. Life Ins. Co.*, 753 F.2d 599, 601 (7th Cir. 1985) ("The fact that the two claims have one party in common is not enough to defeat the application of the separate-parties ground of Rule 54(b)."). Based on this instruction from the Seventh Circuit, the Court concludes that there is no just reason for delaying entry of final judgment in favor of Mr. Davis and Mr. Klopp.

### III.  CONCLUSION

For the reasons set forth above, Mr. Davis's and Mr. Klopp's motion (Dkt. 81) is **GRANTED**. Final judgment will be entered in a separate entry. Furthermore, the Court will **AMEND** its January 28, 2013 Entry (Dkt. 79) to reflect that the § 1985(3) claim against Mr. Davis and Mr. Klopp is **DISMISSED with prejudice**.

**SO ORDERED**.

Date: 03/29/2013
_____

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Michael N. Red
michael.n.red@gmail.com

Betty D. Marion
KUBICKI DRAPER, P.A.
bdm@kubickidraper.com

David A. Arthur
OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov

Steven C. Shockley
TAFT STETTINIUS & HOLLISTER LLP
sshockley@taftlaw.com

Tracy Nicole Betz
TAFT STETTINIUS & HOLLISTER LLP
tbetz@taftlaw.com